EXHIBIT 1

Case Number: CACE-14-007460 Division: 12

Filing # 12642493 Electronically Filed 04/17/2014 03:20:09 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ALLIED MARINE, INC.,
A Florida Corporation,
ALLIED MARINE, INC.,
A Florida Corporation
for the use and benefit of
JUSTIN SULLIVAN
  Plaintiffs

vs.

AZIMUT-BENETTI, S.p.A,
A Foreign Corporation,

    Defendant.

_____/

*[handwritten: Served 4/24/14 @ 2:00 PM Q12P6 LOT6 .]*

**SUMMONS**

*[handwritten: Served: R/A John H. Friedhoff of Azimut Benetti Service USA, Inc NOT for]*

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on:

        **Serve: Azimut Benetti Service USA, Inc.**
            **c/o John H. Friedhoff, Registered Agent**
            **1395 Brickell Avenue**
            **14th Floor**
            **Miami, FL 33131**

Each defendant is required to serve written defenses to the complaint or petition on ALEXANDER DOMBROWSKY, Esq., whose address is: ROBERT ALLEN LAW, Four Seasons Tower, 1441 Brickell Avenue, Suite 1400, Miami, Florida 33131, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 4/17/2014 3:20:04 PM.****

<u>Allied Marine, Inc. v. Azimut-Benetti, S.p.A.</u>

file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON __      APR 23 2014      _____, 2014.

HOWARD C. FORMAN
as Clerk of said Clerk

By: _____

HOWARD C. FORMAN

2

Filing # 12642493 Electronically Filed 04/17/2014 03:20:09 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL  CIRCUIT  IN  AND  FOR
BROWARD     COUNTY,    FLORIDA

GENERAL   JURISDICTION   DIVISION

CASE NO.

ALLIED MARINE, INC.,
A Florida Corporation,
ALLIED MARINE, INC.,
A Florida Corporation
for the use and benefit of
JUSTIN SULLIVAN
  Plaintiffs

vs.

AZIMUT-BENETTI, S.p.A,
A Foreign Corporation,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

     Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and

benefit of JUSTIN SULLIVAN (Collectively, "Allied Marine"), sue Defendant,

AZIMUT-BENETTI, S.p.A. ("Benetti") and avers:

### Parties, Jurisdiction, and Venue

     1.    This is an action for damages in excess of fifteen thousand dollars

($15,000), exclusive of interest and costs.

     2.    Venue is appropriate in Broward County, Florida because the cause of

action accrued in Broward County, Florida where both Plaintiff and Defendant are

situated and conduct business.

<u>Allied Marine, Inc. v. Azimut-Benetti, S.p.A.</u>

3.     Allied Marine is a Florida corporation authorized to transact business in the State of Florida with its principal place of business in Broward County, Florida.

4.     Benetti, is an Italian corporation operating, conducting, engaging in, or carrying on a business or business venture, as well as acting through one or more agents (Azimut Benetti Service USA, Inc., a Florida corporation) in Broward County, Florida; Benetti failed to pay commissions due to Plaintiffs in Broward County, Florida as procuring cause for the sale of a luxury yacht in breach of its agreement with Sullivan as agent for Allied Marine.

5.     Allied Marine is a yacht brokerage company.

6.     Sullivan is a broker with Allied Marine.

7.     Benetti is a manufacturer and seller of luxury yachts.

8.     James Clayton ("Clayton") was, at all times material, an authorized agent of Benetti and Sales Manager for the Americas.

9.     All conditions precedent to the filing of this action have been performed, waived, or excused.

10.    Allied Marine has been compelled to retain the undersigned counsel and has agreed to pay its counsel a reasonable fee for the services rendered herein.

**FACTUAL BACKGROUND**

11.    In December 2009, Sullivan, as a broker for Allied Marine, LLC, (a predecessor in interest to Plaintiff, Allied Marine, Inc.) began a business relationship with Charles Cohen ("Cohen"), as a prospective yacht purchaser. Prior to December 2009, Cohen was not a yacht owner.

2

Allied Marine, Inc. v. Azimut-Benetti, S.p.A.

12.     On behalf of Allied Marine, Sullivan brokered Cohen's purchase of a 44-foot yacht in December 2009; a 92-foot yacht in February 2010; and a 33-foot yacht in August 2010.

13.     In or about May 2011, Cohen again contacted Sullivan, as a broker for Allied Marine, to broker the purchase and/ or construction of an even larger yacht. Cohen was interested in a "new build" yacht; that is, one which would be custom built to suit Cohen's specifications.

14.     Accordingly, Sullivan assembled sales material from various yacht manufacturers, including Benetti.

15.     In or about September 2011, Sullivan met personally with Benetti's authorized agent, Clayton, at the Cannes Boat Show to present Cohen's interest in purchasing a Benetti yacht and to describe the specifications.  As a result of that meeting, Clayton provided Sullivan with a Benetti price list and brochures which Sullivan provided to Cohen.

16.     Communicating frequently with Benetti through Clayton, Sullivan personally met with Charles Cohen to discuss Benetti yachts in December 2011 and again in January 2012 at Cohen's offices at the DCOTA in Ft. Lauderdale, Florida.

17.     In or about March 2012, while walking down Worth Avenue in Palm Beach, Cohen walked into Worth Avenue Yachts, a yacht brokerage company, to ask about Benetti yachts.  Worth Avenue Yachts then contacted Benetti in an effort to broker a sale.

18.     Benetti, however, continued to use the services of Sullivan as broker for the purchase.   Through Clayton, Benetti consulted with Sullivan concerning the

3

negotiations and design protocols for the yacht, and actively solicited Sullivan's opinions about Cohen in connection with the transaction.

19.     To induce Sullivan to continue playing a pivotal role in generating Cohen's strong interest in Benetti yachts, Benetti agreed to pay Sullivan a 2.5% sales commission on the sale of a new build Benetti yacht to Cohen – agreeing that Sullivan would be a "co-broker" with Worth Avenue Yachts and equally split the 5% sales commission.

20.     Notwithstanding their agreement, in or about May 2012 Benetti intentionally excluded Sullivan from the last stages of the negotiations for the Cohen's purchase of a custom luxury Benetti yacht.

21.     Upon information and belief, Cohen contracted with Benetti to build him a 64 meter (210 feet) custom luxury yacht for €35,000,000 (approximately $48,751,500).

22.     As a "co-broker," Allied Marine is entitled to 2.5% of the contracted sales price, equating to approximately $1,218,787.

23.     Benetti has refused to pay Allied Marine the commission it is rightfully due.

### COUNT I- PROCURING CAUSE/
### ENTITLEMENT TO BROKERAGE COMMISSION

Allied Marine reavers Paragraphs 1 through 23.

24.     Sullivan acted on behalf of Allied Marine as a yacht broker.

25.     Sullivan played a pivotal role in introducing Cohen to Benetti and generating Cohen's strong interest in the Benetti product.

26.     Sullivan affirmatively brought Cohen and Benetti together, initiating negotiations between them.

4

Allied Marine, Inc. v. Azimut-Benetti, S.p.A.

27.     Benetti treated Sullivan of Allied Marine as a co-broker in the deal.

28.     Benetti intentionally excluded Sullivan and Allied Marine from Benetti's agreement to custom build a multi-million dollar yacht for Cohen.

29.     As a direct result of Sullivan's pivotal role in generating Cohen's interest in the Benetti product, and initiating negotiations between them, Cohen, upon information and belief, contracted with Benetti to build him a 64 meter (210 feet) custom luxury yacht for €35,000,000 (approximately $48,751,500).

30.     Benetti has refused to pay Allied Marine the commission it is rightfully due and Allied Marine is entitled to damages.

WHEREFORE, Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN demand judgment for damages and for such other relief to which they may be entitled to in law or equity, including attorneys' fees and the cost of this action. Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN request a trial by jury on all issues so triable.

## COUNT II- BREACH OF CONTRACT

Allied Marine reavers Paragraphs 1 through 23.

31.     This is an action to recover a commission based upon breach of contract.

32.     Sullivan acted on behalf of Allied Marine as a yacht broker.

33.     In or about April 2012, Benetti agreed to pay Sullivan of Allied Marine a 2.5% commission as a "co-broker" for the sale of a luxury custom Benetti yacht for introducing Charles Cohen to Benetti, and providing assistance in technical and commercial negotiations between Cohen and Benetti.

5

Allied Marine, Inc. v. Azimut-Benetti, S.p.A.

34.     As a direct result of Sullivan's pivotal role in generating and maintaining Cohen's interest in the Benetti product, initiating negotiations between Cohen and Benetti, and assisting in technical and commercial negotiations, Cohen (upon information and belief) contracted with Benetti to build him a 64 meter (210 feet) custom luxury yacht for €35,000,000 (approximately $48,751,500).

35.     Benetti then intentionally excluded Sullivan of Allied Marine from the transaction and materially breached its agreement with Sullivan of Allied Marine by failing and refusing to pay Allied Marine the sales commission agreed upon and promised as co-broker for the sale of the yacht to Cohen.

36.     As a result, Allied Marine and Sullivan have suffered damages.

WHEREFORE, Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN demand judgment for damages and for such other relief to which they may be entitled to in law or equity, including attorneys' fees and the cost of this action. Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN request a trial by jury on all issues so triable.

### COUNT III-BREACH OF IMPLIED CONTRACT

Allied Marine reavers Paragraphs 1 through 23.

37.     This is an action to recover a commission based upon breach of an implied agreement by Benetti to pay any broker who procures a purchaser for its yachts.

38.     Justin Sullivan acted on behalf of Allied Marine as a yacht broker.

6

Allied Marine, Inc. v. Azimut-Benetti, S.p.A.

39. At all times material hereto, Benetti actively encouraged the yacht brokerage industry to procure purchasers for Benetti brand motor yachts, for which they would be paid a commission, as is standard in the industry.

40. Sullivan introduced Cohen to Benetti yachts and played a pivotal role in generating Cohen's strong interest in the Benetti product.

41. In turn, Benetti treated Justin Sullivan of Allied Marine as a "co-broker" in the deal and used his services, as an agent of Allied Marine, entitling Allied Marine to a 2.5% commission on the sale.

42. As a direct result of Justin Sullivan playing a pivotal role in generating Cohen's interest in the Benetti product, initiating negotiations between them, Cohen (upon information and belief) contracted with Benetti to build him a 64 meter (210 feet) custom luxury yacht for €35,000,000 (approximately $48,751,500).

43. Benetti intentionally excluded Sullivan of Allied Marine from the transaction.

44. Benetti has refused and continues to refuse to pay Allied Marine a sales commission.

45. As a result, Allied Marine and Justin Sullivan have suffered damages.

WHEREFORE, Plaintiffs, ALLIED MARINE, INC. and and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN demand judgment for damages and for such other relief to which they may be entitled to in law or equity, including attorneys' fees and the cost of this action. Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN request a trial by jury on all issues so triable.

7

Allied Marine, Inc. v. Azimut-Benetti, S.p.A.

## COUNT IV-UNJUST ENRICHMENT

Allied Marine reavers Paragraphs 1 through 23.

46.     This is an action for unjust enrichment to recover the reasonable value of the services Justin Sullivan as an agent for Allied Marine conferred upon Benetti in connection with procuring a buyer who purchased a Benetti yacht.

47.     Sullivan acted on behalf of Allied Marine.

48.     Sullivan as an agent for Allied Marine conferred a benefit upon Benetti by procuring a buyer for Benetti's product.

49.     Benetti voluntarily accepted the benefit conferred by Sullivan as an agent of Allied Marine.

50.     Based upon the circumstances, it would be inequitable to allow Benetti to retain the benefit without paying value to Allied Marine.

51.     The reasonable value of the benefit Justin Sullivan as an agent for Allied Marine conferred upon Benetti is the industry standard commission of 5% of the purchase price of the Benetti yacht.

52.     Based upon the services rendered by Justin Sullivan on behalf of Allied Marine to Benetti in providing a purchaser for Benetti's product, Benetti has been unjustly enriched at Allied Marine and Justin Sullivan's expense.

WHEREFORE, Plaintiffs, ALLIED MARINE, INC. and ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN demand judgment for damages and for such other relief to which they may be entitled to in law or equity, including attorneys' fees and the cost of this action. Plaintiffs, ALLIED MARINE, INC. and

8

<u>Allied Marine, Inc. v. Azimut-Benetti, S.p.A.</u>

ALLIED MARINE, INC. for the use and benefit of JUSTIN SULLIVAN request a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Alexander Dombrowsky
Alexander Dombrowsky, Esq.
(Fla. Bar No. 186260)
adombrowsky@robertallenlaw.com
ROBERT ALLEN LAW
Four Seasons Tower,
1441 Brickell Avenue
Suite 1400
Miami, FL 33131
Tel: (305) 372-3300

*Counsel for Plaintiffs*

9

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
Case Number: CACE-14-007460
Division: 12

ALLIED MARINE,INC.,
A Florida Corporation,
ALLIED MARINE, INC.,
A Florida Corporation
for the use and benefit of
JUSTIN SULLIVAN,

       Plaintiffs,

vs.

AZIMUT BENETTI, S.p.A.
A Foreign Corporation,

       Defendant.

_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

COMES NOW Defendant, AZIMUT BENETTI, S.p.A. by and through undersigned counsel and respectfully requests an extension of time up to and including May 23, 2014 to respond to the Complaint of the Plaintiffs and as grounds therefor states:

1.     The registered agent for Azimut Benetti Service USA Inc. was served with the Summons and Complaint on April 24, 2014. (See Summons attached as Exhibit "A").

2.     The named Defendant, AZIMUT BENETTI, S.p.A., is a separate legal entity from Azimut Benetti Service USA Inc.

3.     The parties are attempting to resolve the instant dispute without the need for further litigation and if a resolution is reached it may be unnecessary for the Defendant to respond to the Complaint.

Case Number: CACE-14-007460

4.      Therefore the Defendant respectfully requests an extension of time up to and including May 23, 2014 to file a responsive pleading to the Complaint.

5.      AZIMUT BENETTI, S.p.A. denies that service of the Summons and Complaint was properly effected by serving the registered agent of Azimut Benetti Service USA Inc. and the Defendant further reserves all available defenses including lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, insufficiency of process, insufficient service of process, failure to state a claim upon which relief can be granted, failure to state a cause of action, failure to join an indispensable party, and *forum non conveniens*.

6.      No party will be prejudiced by the relief requested herein as the Plaintiffs have agreed to the extension of time requested.

7.      Accordingly, good cause exists to grant the relief requested herein.

WHEREFORE, Defendant AZIMUT BENETTI, S.p.A. respectfully requests an extension of time up to and including May 23, 2014 to respond to the Complaint of the Plaintiffs and all other relief deemed just and equitable.

<div style="margin-left: 40%;">

/s/ Charles G. De Leo
Charles G. De Leo
Fla. Bar No. 353485
Email:  cdeleo@dkmaritime.com
Jan M. Kuylenstierna
Fla. Bar No. 375985
Email: jkuylenstierna@dkmaritime.com
Damon T. Hartley
Fla. Bar No. 41136
Email: dhartley@dkmaritime.com
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone:  (786) 332-4909
Facsimile:   (786) 518-2849

</div>

Case Number: CACE-14-007460

Attorneys for AZIMUT BENETTI, S.p.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served by electronic mail on May 13, 2014 on all parties on the below service list.

<u>/s/Damon T. Hartley</u>
Damon T. Hartley

**SERVICE LIST**
**Case Number: CACE-14-007460**

Alexander Dombrowsky, Esq.
(Fla. Bar No. 186260)
adombrowsky@robertallenlaw.com
ROBERT ALLEN LAW
The Four Seasons Tower,
1441 Brickell Avenue
Suite 1400
Miami, FL 33131
Tel: (305) 372-3300
Counsel for Plaintiffs

3

Case Number: CACE-14-007460 Division: 12

Filing # 12642493 Electronically Filed 04/17/2014 03:20:09 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ALLIED MARINE, INC.,
A Florida Corporation,
ALLIED MARINE, INC.,
A Florida Corporation
for the use and benefit of
JUSTIN SULLIVAN
　　Plaintiffs

vs.

AZIMUT-BENETTI, S.p.A,
A Foreign Corporation,

　　Defendant.
_____

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

　　**YOU ARE COMMANDED** to serve this summons and a copy of the
complaint or petition in this action on:

　　　　**Serve: Azimut Benetti Service USA, Inc.
　　　　c/o John H. Friedhoff, Registered Agent
　　　　1395 Brickell Avenue
　　　　14th Floor
　　　　Miami, FL 33131**

Each defendant is required to serve written defenses to the complaint or petition on
ALEXANDER DOMBROWSKY, Esq., whose address is: ROBERT ALLEN LAW, Four
Seasons Tower, 1441 Brickell Avenue, Suite 1400, Miami, Florida 33131, within 20 days
after service of this summons on that defendant, exclusive of the day of service, and to

# EXHIBIT "A"

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 4/17/2014 3:20:04 PM.****

<u>Allied Marine, Inc. v. Azimut-Benetti, S.p.A.</u>

file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON __      APR 23 2014      _____, 2014.

HOWARD C. FORMAN
as Clerk of said Clerk

By: _____

HOWARD C. FORMAN

2

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
Case Number: CACE-14-007460
Division: 12

ALLIED MARINE,INC.,
A Florida Corporation,
ALLIED MARINE, INC.,
A Florida Corporation
for the use and benefit of
JUSTIN SULLIVAN,

     Plaintiffs,

vs.

AZIMUT BENETTI, S.p.A.
A Foreign Corporation,

     Defendant.

_____/

## ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

THIS CAUSE came before the Court upon the Defendant's Unopposed Motion for Extension of Time to Respond to the Plaintiffs' Complaint and after being otherwise well-advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that:

The Defendant AZIMUT BENETTI, S.p.A. shall have up to and including May 23, 2014 to file a responsive pleading to the Plaintiffs' Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County Florida this

_____ day of _____, 2014.


_____

Circuit Court Judge


Copies provided to:

All Counsel of Record

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
Case Number: CACE-14-007460
Division: 12

ALLIED MARINE,INC.,
A Florida Corporation,
ALLIED MARINE, INC.,
A Florida Corporation
for the use and benefit of
JUSTIN SULLIVAN,

     Plaintiffs,

vs.

AZIMUT BENETTI, S.p.A.
A Foreign Corporation,

     Defendant.

_____/

## ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

THIS CAUSE came before the Court upon the Defendant's Unopposed Motion for Extension of Time to Respond to the Plaintiffs' Complaint and after being otherwise well-advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that:

The Defendant AZIMUT BENETTI, S.p.A. shall have up to and including May 23, 2014 to file a responsive pleading to the Plaintiffs' Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County Florida this

_____ day of _____, 2014.


_____

Circuit Court Judge


Copies provided to:

All Counsel of Record